ANTHONY L. MARTIN
Nevada Bar No. 08177
anthony.martin@ogletreedeakins.com
JAMIE L. ZIMMERMAN
Nevada Bar No. 11749
jamie.zimmerman@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND SULLIVAN and JULIA CAUSEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RIVIERA HOLDINGS CORPORATION d/b/a RIVIERA HOTEL AND CASINO and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION JURISDICTION)** |

**TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE that Defendant Riviera Operating Corporation d/b/a Riviera Hotel & Casino ("Defendant"), improperly identified in the Collective and Class Action Complaint as Riviera Holdings Corporation d/b/a Riviera Hotel and Casino, by and through its undersigned counsel, hereby files this Notice of Removal of Action of this case from the Eighth Judicial District Court of the State of Nevada, in which it is now pending, to the United States District Court for the District of Nevada. The federal question jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and supplemental jurisdiction over state law claims is invoked under 28 U.S.C. § 1367.

I.    **Introduction**

Plaintiffs Raymond Sullivan and Julia Causey ("Plaintiffs") filed this action against Defendant in the Eighth Judicial District Court of the State of Nevada, Case No. A-13-692643-C (the "State Court Action").   Copies of the Summons and Collective and Class Action Complaint ("Complaint") were served on Defendant's registered agent on December 30, 2013.  (*See* Exhibit A.)  The State Court Action involves a wage and hour dispute.  Specifically, Plaintiffs claim that Defendant required them to retrieve and return money from Defendant's cashier cage prior to the start and after the end of each shift, and that such work was performed "off-the-clock."  (*See* Complaint at ¶¶ 8-9.)  Plaintiffs purport to bring wage and hour claims on behalf of themselves and all others similarly situated as both a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and a class action under Nevada law.

Plaintiffs assert the following claims against Defendant:  (1) failure to pay wages for all hours worked in violation of the FLSA; (2) failure to pay overtime in violation of the FLSA; (3) failure to compensate for all hours worked in violation of NRS 608.140 and 608.016; (4) failure to pay minimum wages in violation of the Nevada Constitution and NRS 608.250; (5) failure to pay overtime in violation of NRS 608.140 and 608.018; (6) failure to timely pay all wages due and owing in violation of NRS 608.140 and 608.020-050; (7) failure to pay the correct overtime rate in violation of the FLSA; and, (8) breach of contract.

II.    **This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331**

    A.    **Plaintiff's Claims Assert A Federal Question**

Plaintiff's primary claims for relief – failure to pay wages for all hours worked (Claim One), failure to pay federal overtime (Claim Two), and failure to pay the correct federal overtime rate (Claim Seven) – are all brought pursuant to the FLSA.  (*See* Complaint at ¶¶ 19-30, 54-59.)  Accordingly, Plaintiffs' Complaint presents federal question jurisdiction under 28 U.S.C. § 1331.

    B.    **This Court Has Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Under 28 U.S.C. § 1367**

The state law claims alleged in Plaintiffs' Complaint purport to arise from the same occurrence and/or common nucleus of operative facts that underlie Plaintiffs' federal law claims.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    Specifically, Plaintiffs' purported Rule 23 class action claims, which allege violations of Nevada

2    wage hour and law under NRS Chapter 608 (Claims Three – Six), derive from a common nucleus

3    of operative facts concerning Plaintiffs' banking at the cashier cage and Defendant's compensation

4    of same. (*Id.* at ¶¶ 31-53.)  Likewise, Plaintiffs' purported class action claim for breach of contract

5    (Claim Eight) is also derived from the same common nucleus of operative facts and, thus, forms

6    part of the same case and controversy. (*Id.* at ¶¶ 60-65.)  Therefore, to the extent Plaintiffs can

7    pursue a private right of action on their state law claims, this Court has supplemental jurisdiction

8    over same pursuant to 28 U.S.C. § 1367.

9    **III.    This Removal Is Timely**

10           Plaintiffs filed this action in the Clark County District Court on December 4, 2013.

11   Plaintiffs completed service of the Summons and Complaint on Defendant on December 30, 2013.

12   As this notice is being filed on January 29, 2014, 30 calendar days after the Complaint was served

13   on Defendant, the removal is timely.

14   **IV.    Requirements For Removal**

15           Defendant has met all other requirements for removal as follows:

16           A.      Defendant has attached to this notice as Exhibit A, copies of "all process, pleadings

17   and orders" served upon it pursuant to 28 U.S.C. § 1446(a).

18           B.      Defendant has also concurrently filed a copy of this Notice of Removal in the

19   Eighth Judicial District Court for the State of Nevada.

20           C.      Defendant has served a copy of this notice upon all parties' counsel.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

D.      This Notice of Removal is executed pursuant to Federal Rule of Civil Procedure 11.

Dated this ⟨handwritten⟩ day of January, 2014.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

_____

Anthony L. Martin
Jamie L. Zimmerman
Wells Fargo Tower, Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

MARK R. THIERMAN, ESQ.

JOSHUA D. BUCK, ESQ.

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby further certify that service of **NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION JURISDICTION)** was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiff*

DATED this 29ᵗʰ day of January, 2014.

_____
An Employee of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

5

# EXHIBIT A

CIVIL COVER SHEET    A- 13- 692643- C

CcLcL Clark County, Nevada

Case No.    XI I

*(Assigned by Clerk's Office)*

## I. Party Information

| | |
|---|---|
| Plaintiff(s) (name/address/phone): RAYMOND SULLIVAN and JULIA CAUSEY | Defendant(s) (name/address/phone): RIVIERA HOLDINGS CORPORATION d/b/a RIVIERA HOTEL AND CASINO |
| Attorney (name/address/phone):Mark R. Thierman, Bar No. 8285 | Attorney (name/address/phone): |
| Joshua R. Buck, Bar No. 12187, Thierman Law Firm, 7287 Lakeside Dr., Reno, NV 89511, 775-284-1500 | *Served 12/30/13 @ 10:20 AM  Tullis* |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☐ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

**Negligence**

☐ **Negligence -- Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
       (Slip/Fall)
☐ **Negligence – Other**

**Torts**

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☐ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

| Probate | Other Civil Filing Types |
|---|---|

**Probate**

Estimated Estate Value: _____

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Foreclosure Mediation
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** (*also check applicable civil case box*)
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☒ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

_12/3/13_    _____
Date         Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC – Research and Statistics Unit    Form PA 201    Rev. 2.5E

SUMM
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanlaw.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanlaw.com
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

RAYMOND SULLIVAN and JULIA
CAUSEY,

      Plaintiff(s),

   vs.

RIVIERA HOLDINGS CORPORATION
d/b/a RIVIERA HOTEL AND CASINO;
and DOES 1-50,

      Defendant(s).

Case No.: A-13-692643-C

Dept. No.: XII

**SUMMONS – CIVIL**

**NOTICE! YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

   1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

- 1 -
SUMMONS

a. File with the Clerk of this Court, whose address is shown, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

Mark R. Thierman
Joshua D. Buck
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By:

KADIRA BECKOM
Deputy Clerk                    Date
DEC 17 2013

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV  89155

- 2 -
SUMMONS

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

Electronically Filed
12/04/2013 05:26:09 PM

*[signature]*

**CLERK OF THE COURT**

1  Mark R. Thierman, Nev. Bar No. 8285
   mark@thiermanlaw.com
2  Joshua D. Buck, Nev. Bar No. 12187
   josh@thiermanlaw.com
3  THIERMAN LAW FIRM, P.C.
   7287 Lakeside Drive
4  Reno, Nevada 89511
   Tel. (775) 284-1500
5  Fax. (775) 703-5027
6
7  *Attorneys for Plaintiff*

8                    DISTRICT COURT

9            CLARK COUNTY, NEVADA

10  RAYMOND SULLIVAN, and JULIA          Case No.: **A- 1 3- 6 9 2 6 4 3- C**
11  CAUSEY, on behalf of themselves and all
    others similarly situated,           Dept. No.: **XII**
12
                                         **COLLECTIVE AND CLASS ACTION
13       Plaintiff,                      COMPLAINT**

14       v.                              **(EXEMPT FROM ARBITRATION
                                         PURSUANT TO NAR 5)**
15  RIVIERA HOLDINGS CORPORATION
16  d/b/a RIVIERA HOTEL AND CASINO and   1) Failure to Pay Wages for All Hours
    DOES 1 through 50, inclusive,           Worked in Violation of 29 U.S.C. § 201,
17                                          et. seq;
18       Defendant.                      2) Failure to Pay Overtime in Violation of
19                                          29 U.S.C. § 207;

20                                       3) Failure to Compensate for All Hours
                                            Worked in Violation of NRS 608.140 and
21                                          608.016;

22                                       4) Failure to Pay Minimum Wages in
                                            Violation of the Nevada Constitution and
23                                          NRS 608.250;

24                                       5) Failure to Pay Overtime in Violation of
25                                          NRS 608.140 and 608.018;

26                                       6) Failure to Timely Pay All Wages Due and
                                            Owing in Violation of NRS 608.140 and
27                                          608.020-050;

28                                       7) Failure to Pay the Correct Overtime Rate
                                            in Violation of the FLSA, 29 U.S.C. §
                                            207(e); and

                                         8) Breach of Contract.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email labørlawyer@pacbell.net www.laborlawyer.net

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1    COME NOW Plaintiffs RAYMOND SULLIVAN and JULIA CAUSEY ("Plaintiffs") on

2    behalf of themselves and all others similarly situated and allege the following:

3    All allegations in this Complaint are based upon information and belief except for those

4    allegations that pertain to the Plaintiffs named herein and their counsel. Each allegation in this

5    Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable

6    opportunity for further investigation and discovery.

7    **JURISDICTION AND VENUE**

8    1.    This Court has original jurisdiction over both state and federal claims alleged

9    herein. This Court has original jurisdiction over the state law claims alleged herein because the

10   amount in controversy exceeds $10,000 and a party seeking to recover unpaid wages has a private

11   right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050, 608.250, and

12   608.140. *See also Csomos v. Venetian Casino Resort, LLC*, 2011 Nev. Unpub. LEXIS 1629 (Nev.

13   2011) ("The legislative scheme is consistent with a private cause of action for employees and the

14   Legislature enacted the statute to protect employees, supporting a private cause of action under

15   NRS 608.040.);[1] *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir.

16   Nev. Apr. 12, 2013) ("Nevada Revised Statute § 608.140 does provide a private right of action to

17   recoup unpaid wages."); *Doolittle v. Eight Judicial Dist. Court*, 54 Nev. 319, 15 P.2d 684; 1932

18   Nev. LEXIS 34 (Nev. 1932) (recognizing that former employees have a private cause of action

19   to sue their employer (as well as third party property owners where the work was performed) for

20   wages and waiting penalties under NRS 608.040 and NRS 608.050). This Court has jurisdiction

21   over the federal claims alleged herein pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C.

22   § 216(b).

23   2.    Plaintiffs are seeking to recover unpaid wages due pursuant to Nevada statutory

24   authority and pursuant to an agreement (implied by law and fact) to pay for all hours worked

25   and/or under the wage laws of the State of Nevada. Plaintiffs therefore have a private right of

---

[1] "There is no bar to citing a published or unpublished decision from another circuit, regardless
27   of its precedential value within the other circuit." *American Economy Ins. Co. v. Reboans, Inc.*,
28   900 F. Supp. 1246, 1257 (N.D. Cal. 1995); Fed R. App. Proc. 32.1 and Ninth Circuit Rule 36-
3.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1    action pursuant to Nevada Revised Statute ("N.R.S.") §§ 608.040 and 608.140 as well as a claim

2    for at least minimum wages for all hours worked "off the clock" pursuant to NRS §608.260 and

3    Section 16 of Article 15 of the Nevada State Constitution.

4        3.    Venue is proper in this Court because one or more of the Defendants named herein

5    maintains a principal place of business or otherwise is found in this judicial district and many of

6    the acts complained of herein occurred in Clark County, Nevada.

7                                    **PARTIES**

8        4.    Plaintiff RAYMOND SULLIVAN is a natural person who is and was a resident of

9    the State of Nevada at all relevant times herein and has been employed by Defendant as a non-

10   exempt hourly employee in its Las Vegas casino within the last three years.

11       5.    Plaintiff JULIA CAUSEY, is a natural person who is and was a resident of the

12   State of Nevada at all relevant times herein and was formerly employed by Defendant as a non-

13   exempt hourly employee in its Las Vegas casino within the last three years.

14       6.    Defendant RIVIERA HOLDINGS CORPORATION dba RIVIERA HOTEL AND

15   CASINO (hereinafter "DEFENDANT" or "RIVIERA") is a Nevada corporation with a principal

16   place of business at 3770 Las Vegas Boulevard, South Las Vegas, NV and is an employer engaged

17   in commerce under the provisions of the Fair Labor Standards Act, 29 U.S.C.§201 et seq.

18       7.    The identity of DOES 1-50 is unknown at this time and this Complaint will be

19   amended at such time when the identities are known to Plaintiff.  Plaintiff are informed and

20   believe that each of Defendants sued herein as DOE is responsible in some manner for the acts,

21   omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or

22   "Riviera" herein shall mean "Defendants and each of them."

23                         **FACTUAL ALLEGATIONS**

24       8.    For most of the relevant time period alleged herein, Plaintiffs were required by

25   Defendant to retrieve and return cash money from a so-called "satellite bank" or "cashier cage"

26   (hereinafter referred to as "cashier cage") prior to the start and after the end of their regularly

27   scheduled shift each and every day without being compensated for engaging in these principal

28

1  work activities. By maintaining and enforcing this policy, Defendant forced Plaintiff to perform

2  work "off-the-clock".

3       9.     The total amount of time spent off-the-clock measured from the point in time when

4  Plaintiff completed their first principal activity at the cashier cage until they actually clocked-in

5  and started receiving compensation was approximately 15-minutes each and every workday.

6  Similarly, the total amount of time spent off-the-clock measured from the point in time when

7  Plaintiff completed their last principal activity at the cashier cage from the point in time when

8  they actually clocked-out was approximately 15-minutes each and every workday.   In sum,

9  Plaintiff worked approximately 30-minutes off-the-clock and without compensation.

10       <u>**COLLECTIVE AND CLASS ACTION ALLEGATIONS**</u>

11       10.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this

12  Complaint as though fully set forth herein.

13       11.    Plaintiffs bring this action on behalf of themselves and all other similarly situated

14  and typical employees as both a collective action under the FLSA and a true class action under

15  Nevada law.

16       12.    The statute of limitations under the FLSA is 3 years for willful violations.

17       13.    The statute of limitations for violation of a statutory duty under Nevada law is 3

18  years.

19       14.    The statute of limitations for constitutional violations and breach of a contract

20  under Nevada law is 6 years.

21       15.    The FLSA Class is defined as follows: **All current and former non-exempt**

22  **employees who were employed by Defendant during the relevant time period and who were**

23  **required to carry or use a cash bank in carrying out their employment tasks.**

24       16.    The Nevada State Class is defined as follows:  **All current and former non-**

25  **exempt employees who were employed by Defendant during the relevant time period and**

26  **who were required to carry or use a cash bank in carrying out their employment tasks.**

27       17.    With regard to the conditional certification mechanism under the FLSA, Plaintiffs

28  are similarly situated to those that they seek to represent for the following reasons, among others:

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 4 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

A.      Defendant employed Plaintiff as hourly employees who did not receive pay for all hours that Defendant suffered or permitted them to work, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked over forty (40) hours in a workweek.

B.      Plaintiffs' situations are similar to those they seek to represent because Defendant failed to pay Plaintiffs and all other Class Members for all time they were required to work, including time spent waiting and frequenting the "cashier cage" to perform pre-shift and post-shift work activities without compensation.

C.      Common questions exists whether the time spent by Plaintiffs and all other Class Members engaging in pre-shift and post-shift activities at the "cashier cage" is compensable under federal law and whether Defendant failed to pay Plaintiffs and Class Members one and one half times their regular rate for all hours worked in excess of 40 hours a week

D.      Upon information and belief, Defendant employs, and has employed, in excess of 500 Class Members within the applicable statute of limitations.

E.      Plaintiffs have filed or will file their consents to sue with the Court.

F.      Defendant has for many months known or should have known its policies alleged herein were unlawful and that owes employees this money, and has willfully failed to pay its employees properly.

18.      Pursuant to the recent decision of the Ninth Circuit Court of Appeals in *Busk v. Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013), both opt-in collective or representative treatment of claims under the federal Fair Labor Standards Act and FRCP Rule 23 Class treatment of pendant state law claims are appropriate in the same action. Therefore, FRCP Rule 23(b)(3) Class treatment for all non-FLSA claims alleged in this complaint is appropriate in this case for the following reasons:

A.      The Class is Sufficiently Numerous: Upon information and belief, Defendant employs, and has employed, in excess of 500 Class Members within the applicable statute of limitations.

- 5 -
COLLECTIVE AND CLASS ACTION COMPLAINT

B.    Plaintiff's Claims are Typical to Those of Fellow Class Members: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiffs— Defendant required Class Members to frequent the "cashier cage" to perform pre-shift and post-shift work activities without compensation.

C.    Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiffs and the Class, including, without limitation: Whether the time spent by Plaintiffs and Class Members engaging in pre-shift and post-shift activities at the "employee bank" is compensable under Nevada law.

D.    Plaintiffs are an Adequate Representative of the Class: Plaintiffs will fairly and adequately represent the interests of the Class because Plaintiffs are a member of the Class, they have issues of law and fact in common with all members of the Class, and they do not have interests that are antagonistic to Class members.

E.    A Class Action is Superior:  A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

### FIRST CAUSE OF ACTION

(Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq.*)

19.    Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1    20.    Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, Plaintiffs and Class Members are

2 entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher,

3 for all hours actually worked.

4    21.    29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his

5 employees who in any workweek is engaged in commerce or in the production of goods for

6 commerce, or is employed in an enterprise engaged in commerce or in the production of goods

7 for commerce, wages at the following rates: (1) except as otherwise provided in this section, not

8 less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum

9 Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an

10 hour, beginning 24 months after that 60th day."

11    22.    By failing to compensate Plaintiffs and Class Members for the time spent engaging

12 in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and the Class

13 Members for all hours worked.

14    23.    Defendant's unlawful conduct has been widespread, repeated, and willful.

15 Defendant knew or should have known that its policies and practices have been unlawful and

16 unfair at the time and again when its sister subsidiary settled the Aria case cited above.

17    24.    Wherefore, Plaintiffs demand for themselves and for all others similarly situated,

18 that Defendant pay Plaintiffs and all other members of the Class their minimum hourly wage rate

19 or their regular rate of pay, whichever is greater, for all hours worked during the relevant time

20 period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as

21 provided by law.

22                   **SECOND CAUSE OF ACTION**

23       (Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207)

24    25.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this

25 Complaint as though fully set forth herein.

26    26.    29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided

27 in this section, no employer shall employ any of his employees who in any workweek is engaged

28 in commerce or in the production of goods for commerce, or is employed in an enterprise engaged

- 7 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1    in commerce or in the production of goods for commerce, for a workweek longer than forty hours

2    unless such employee receives compensation for his employment in excess of the hours above

3    specified at a rate not less than one and one-half times the regular rate at which he is employed."

4    27.    Once the work day has begun, all time suffered or permitted by the employer to be

5    worked by the employee is compensable at the employee's regular rate of pay, whether scheduled

6    or not.

7    28.    By failing to compensate Plaintiffs and Class Members for the time spent engaging

8    in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members

9    overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C.

10   Section 207(a)(1).

11   29.    Defendant's unlawful conduct has been widespread, repeated, and willful.

12   Defendant knew or should have known that its policies and practices have been unlawful and

13   unfair.

14   30.    Wherefore, Plaintiffs demand for themselves and for all others similarly situated,

15   that Defendant pay Plaintiffs and all members of the Class one and one half times their regular

16   hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant

17   time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest

18   as provided by law.

19                              **THIRD CAUSE OF ACTION**

20        (Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140, 608.016 and the

21                              Agreement of the Parties)

22   31.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this

23   Complaint as though fully set forth herein.

24   32.    NRS 608.140 provides that an employee has a private right of action for unpaid

25   wages.

26   33.    NRS 608.016 states that "An employer shall pay to the employee wages for each

27   hour the employee works."  Hours worked means anytime the employer exercises "control or

28   custody" over an employee.  See NRS 608.011 (defining an "employer" as "every person having

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1    control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours

2    worked includes "all time worked by the employee at the direction of the employer, including

3    time worked by the employee that is outside the scheduled hours of work of the employee." NAC

4    608.115(1).

5        34.    By failing to compensate Plaintiffs and Class Members for the time spent engaging

6    in off-the-clock activities identified above, Defendant failed to pay according to the terms of their

7    employment.  Defendant also failed to pay Plaintiffs and Class Members for all hours worked in

8    violation of NRS 608.140 and 608.016.

9        35.    Wherefore, Plaintiffs demand for themselves and for all Class Members payment

10   by Defendant at the regular hourly rate of pay for all hours worked during the relevant time period

11   alleged herein together with attorneys' fees, costs, and interest as provided by law.

### FOURTH CAUSE OF ACTION

(Failure to Pay Minimum Wages in Violation of the Nevada Constitution)

14       36.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this

15   Complaint as though fully set forth herein.

16       37.    Article 15 Section 16 of the Nevada Constitution sets forth the requirements the

17   minimum wage requirements in the State of Nevada and further provides that "[t]he provisions

18   of this section may not be waived by agreement between an individual employee and an employer.

19   . . .   An employee claiming violation of this section may bring an action against his or her

20   employer in the courts of this State to enforce the provisions of this section and shall be entitled

21   to all remedies available under the law or in equity appropriate to remedy any violation of this

22   section, including but not limited to back pay, damages, reinstatement or injunctive relief.  An

23   employee who prevails in any action to enforce this section shall be awarded his or her reasonable

24   attorney's fees and costs."

25       38.    By failing to compensate Plaintiffs and Class Members for the time spent engaging

26   in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members

27   for all hours worked in violation of the Nevada Constitution.

28

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email labourlawyer@pacbell.net www.laborlawyer.net

- 9 -

COLLECTIVE AND CLASS ACTION COMPLAINT

39.     Wherefore, Plaintiffs demand for themselves and for all Class Members payment by Defendant at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

**FIFTH CAUSE OF ACTION**

(Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018)

40.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

41.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

42.     NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

43. NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

44.     By failing to compensate Plaintiffs and Class Members for the time spent engaging in off-the-clock activities identified above, Defendant failed to pay Plaintiffs and Class Members daily overtime premium pay for all hours worked over eight (8) hours in a workday to those Class Members who were paid a regular rate of less than one and one half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

45.    Wherefore, Plaintiffs demand for themselves and for Class Members that Defendant pay Plaintiffs and Class Members one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday and in excess of forty (40) hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

(Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050)

46.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

47.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

48.    NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

49.    NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

50.    NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

51.     By failing to pay Class Members who are former employees of Defendant for all hours worked in violation of the federal and state laws identified herein, Defendant has failed to timely remit all wages due and owing to Class Members who are former employees.

52.     Despite demand, Defendant willfully refuses and continues to refuse to pay Class Members who are former employees all the wages that were due and owing upon the termination of their employment.

53.     Wherefore, Plaintiffs demand thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for all Class Members who have terminated employment from Defendant during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## SEVENTH CAUSE OF ACTION

(Failure to Pay the Correct Overtime Rate in Violation of the FLSA, 29 U.S.C. § 207(e).)

54.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

55.     Defendant paid Plaintiffs and Class Members a lunch stipend of $31.75 per month while Plaintiffs and all class members worked for Defendant. Defendant did not include the value of this stipend in the calculation of its regular rate of pay, nor did it include the value of the stipend in the regular rate of pay for purposes of calculating overtime compensation due.

56.     Under the FLSA, the "regular rate" at which an employee must be paid includes "all remuneration for employment paid to, or on behalf of, the employee, divided by hours worked in a workweek." 29 U.S.C. § 207(e).

57.     Under the Code of Federal Regulations, lunch stipends must be included in an employee's "regular rate" of pay:

> The expenses for which reimbursement is made must in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. *An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not*

COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

*excluded from the regular rate as "reimbursement for expenses."* Whether the employer "reimburses" the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay as discussed in §778.116.

29 C.F.R. § 778.217(d) (emphasis added).   "Where board, lodging, or other facilities are customarily furnished as additions to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay. *See Walling* v. *Alaska Pacific Consolidated Mining Co.,* 152 F.2d 812 (9th Cir. 1945), *cert. denied,* 327 U.S. 803." 29 C.F.R. § 531.37(b).

58.     By failing to include the lunch stipend in the regular rate of pay of Plaintiffs and Class Members, Defendant thus failed to pay the correct rate of overtime premium compensation for each overtime hour worked in violation of 29 U.S.C. § 207(e).

59.     Wherefore, Plaintiffs demand for themselves and for the Class that Defendant pay them the difference between any overtime compensation actually paid and one and one half times their correct "regular rate" of pay for all hours worked during the Class Period in excess of 40 hours in a workweek during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### EIGHTH CAUSE OF ACTION

(Breach of Contract)

60.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

61.     At all times relevant herein, Defendant had an agreement with Plaintiffs and with every Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendant.  Indeed, Defendant's offered to pay Plaintiffs and Class Members a specific rate of pay in exchange for Plaintiffs and Class Members' promise to perform work for Defendant.

62.     The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including especially the labor laws of the State of Nevada.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1    63.    Defendant beached its agreement with Plaintiffs and Class Members by failing to

2    compensate them for all hours worked, namely the hours spent engaging in banking activities, at

3    the agreed upon rate of pay.

4    64.    As a result of Defendant's breach, Plaintiffs and Class Members have suffered

5    economic loss that includes lost wages and interest.

6    65.    Wherefore, Plaintiffs demand for themselves and for Class Members that

7    Defendant pay Plaintiffs and Class Members their agreed upon rate of pay for all hours worked

8    off the clock during the relevant time period alleged herein together with attorney's fees, costs,

9    and interest as provided by law.

### PRAYER FOR RELIEF

Wherefore Plaintiffs, by themselves and on behalf of all Class Members, pray for relief as follows relating to their collective and class action allegations:

1.    For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

2.    For an order certifying this action as a traditional class action under Nevada Rule of Civil Procedure Rule 23 for all other claims presented in this complaint;;

3.    For an order appointing Plaintiffs as the Representatives of the Class and their counsel as Class Counsel;

4.    For damages according to proof for regular rate pay under federal laws for all hours worked;

5.    For damages according to proof for minimum rate pay under federal law for all hours worked;

6.    For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

7.    For liquidated damages pursuant to 29 U.S. C. § 216(b);

8.    For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 14 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1  9.  For damages according to proof for minimum wage rate pay under the Nevada

2      Constitution for all hours worked;

3  10.  For damages according to proof for overtime compensation under NRS 608.140

4      and 608.018 for all hours worked for those employees who earned a regular rate

5      of less than one and one half times the minimum wage for hours worked in excess

6      of 8 hours per day and/or for all subclass members for overtime premium pay of

7      one and one half their regular rate for all hours worked in excess of 40 hours per

8      week;

9  11.  For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

10 12.  For damages pursuant to Defendant's breach of contract;

11 13.  For interest as provided by law at the maximum legal rate;

12 14.  For reasonable attorneys' fees authorized by statute;

13 15.  For costs of suit incurred herein;

14 16.  For pre-judgment and post-judgment interest, as provided by law, and

15 17.  For such other and further relief as the Court may deem just and proper.

16

17 DATED: December 4, 2013

18                                    /s/Joshua D. Buck
                                      Mark R. Thierman
19                                    Joshua D. Buck

20                                    Attorneys for Plaintiff

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 15 -
COLLECTIVE AND CLASS ACTION COMPLAINT