UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND SULLIVAN and JULIA SULLIVAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>RIVIERA HOLDINGS CORPORATION, d/b/a RIVIERA HOTEL AND CASINO and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-00165-APG-VCF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR CIRCULATION OF NOTICE OF COLLECTIVE ACTION**<br><br>(Dkt. Nos. 4, 11) |

## I. BACKGROUND

Raymond Sullivan and Julia Sullivan bring this wage-and-hour action on behalf of themselves and all others similarly situated under the federal Fair Labor Standards Act ("FLSA"),[1] various Nevada statutes, and the Nevada Constitution. The Sullivans allege that Riviera Holdings Corporation,[2] d/b/a Riviera Hotel and Casino ("Riviera"), requires them to work approximately 30 minutes off-the-clock per day to transport cash to and from the "cashier's cage" before and after their scheduled shifts. Consequently, the Sullivans assert, Riviera has failed to pay them for "all hours worked" and for overtime hours worked in excess of 40 hours per week.

The Sullivans initially filed this case in Nevada state court, and Riviera removed it to this Court. Pending are Riviera's motion to dismiss for failure to state a claim under Rule 12(b)(6) and the Sullivans' motion for circulation of notice of collective action under the FLSA, 29 U.S.C. § 216(b).

---

[1] 29 U.S.C. §§ 201–219.

[2] In its Notice of Removal, Riviera asserts that the Sullivans improperly identified Riviera *Holdings* Corporation instead of Riviera *Operating* Corporation. (Dkt. No. 1 at 1.)

II. <u>ANALYSIS</u>

    A.    Legal Standard — Fed. R. Civ. P. 8, 12(b)(6)

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[3] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[4] "Factual allegations must be enough to rise above the speculative level."[5] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[6]

District courts must apply a two-step approach when considering motions to dismiss.[7] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[8] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[9] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[10]

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[11] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[12] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is

---

[3] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Twombly*, 550 U.S. at 555.

[6] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[7] *Id.* at 679.

[8] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[9] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[10] *Iqbal*, 556 U.S. at 678.

[11] *Id.* at 679.

[12] *Id.* at 663.

entitled to relief."[13]  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[14]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[15]

### B.  FLSA Claims

The FLSA's minimum wage provision entitles employees to a wage "not less than $7.25 an hour."[16]  To claim improper compensation under this provision, the plaintiffs must allege that the wages received fell below this statutory minimum.  However, the workweek as a whole, not each individual hour within the work week, determines an employee's "wages" for purposes of determining FLSA violations.[17]  Thus, an employer's failure to compensate an employee for any particular hours worked does not necessarily violate the minimum wage provision of the FLSA.[18]  If the total wage paid to an employee in any given workweek divided by the total hours worked that week equals or exceeds the applicable minimum wage, there is no FLSA violation.[19]  To state a plausible minimum wage claim under this rule, therefore, a complaint must allege that the plaintiff's weekly wages fall below the statutory minimum.

The FLSA's overtime compensation provision entitles covered employees to time-and-a-half wages for hours worked in excess of 40 in a workweek.[20]  Accordingly, to state a claim the

---

[13] *Id.* at 679 (internal quotation marks and citation omitted).

[14] *Twombly*, 550 U.S. at 570.

[15] *Iqbal*, 556 U.S. at 679.

[16] 29 U.S.C. § 206(a).

[17] *See* 29 C.F.R. §§ 776.4(a), 778.104.

[18] *See Dove v. Coupe*, 759 F.2d 167, 171 (D.C. Cir. 1985).

[19] *Hensley v. MacMilian Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) ("[N]o violation occurs 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.'" (quoting *U.S. v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960))); *see Adair v. City of Kirkland*, 185 F.3d 1055, 1062 n.6 (9th Cir. 1999) ("even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked"); *Balasanyan v. Nordstrom, Inc.*, 913 F. Supp. 2d 1001, 1008 (S.D. Cal. 2012).

[20] 29 U.S.C. § 207(a)(1).

plaintiff must allege that she worked more than 40 hours per workweek and did not receive the correct overtime pay for that week (or weeks).

The Sullivans' First Claim for Relief, for "all hours worked," misunderstands the FLSA. If their average weekly pay does not fall below $7.25 per hour, then the FLSA does not grant them a remedy for minimum wage violations. This is so regardless of whether they were actually paid for each hour worked. The Sullivans have not pleaded sufficient facts for me to reasonably infer that their average hourly pay for any given workweek fell below the statutory minimum; indeed, they do not even plead their current hourly wage.[21]

The Sullivans' overtime claims fail for similar reasons. I cannot infer at all from the facts pleaded that either of them worked for more than 40 hours in any given week.[22] The Second Claim for Relief improperly relies on conclusory allegations that essentially restate the elements of the claim for relief.[23] Because the Second Claim fails, it is irrelevant for purposes of this case whether Riviera properly calculated the Sullivans' "regular rate" of pay, which in turn is the basis for overtime pay. Therefore, the Seventh Claim for Relief fails.

In sum, I must dismiss the Sullivans' FLSA claims as insufficiently pleaded under the standard set forth by the Supreme Court in *Iqbal* and *Twombly*. However, the Sullivans will be given an opportunity to amend their Complaint to properly plead these claims if sufficient facts exist to permit such an amendment.

C.   **Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c)(3), district courts "may decline to exercise supplemental jurisdiction over [related claims] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Because the FLSA claims are dismissed, and they are the only claims over which this Court has original jurisdiction, I decline to exercise supplemental jurisdiction over the Sullivans' remaining state law claims.

---

[21] See *Iqbal*, 556 U.S. at 663.
[22] See *id.*
[23] See *id.* at 678.

## III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. Riviera's motion to dismiss (Dkt. No. 4) is GRANTED. The Sullivans are granted leave to amend. They may file an amended complaint within 30 days of the entry of this Order if sufficient facts exist to permit such an amendment. If no amendment is filed within 30 days, the complaint will be dismissed without prejudice and this case will be closed without further notice.

2. The Sullivans' motion for circulation of notice of collective action (Dkt. No. 11) is DENIED as moot.

DATED this 30th of June, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE