**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RAYMOND SULLIVAN and JULIA CAUSEY, on behalf of themselves and others similarly situated, | 2:14–cv–00165–APG–VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| RIVIERA HOLDINGS CORPORATION d/b/a RIVIERA HOTEL AND CASINO and DOES 1 through 50, inclusive, | |
| Defendants. | |

Before the court is Defendant Riviera Operating Corporation's motion for stay of discovery pending adjudication of a dispositive motion (#25[1]), Plaintiffs' opposition to Defendant's motion (#26), and Defendant's reply to Plaintiffs' opposition (#27). Because Defendant's motion to dismiss has been granted in full, Defendant's motion for stay of discovery (#25) is denied as moot.

This case arises from an employment dispute between Plaintiff employees and Defendant employer, Riviera Hotel and Casino. (*See* #28 at 1). Plaintiffs initially filed this case in Nevada state court alleging violations of the Fair Labor Standards Act and Defendant removed the case to this court. (*See* #1, Defendant's petition for removal). On May 27, 2014 Defendant moved the court to stay discovery pending the outcome of Defendant's motion to dismiss (#4). (#25 at 1). Defendant argues that discovery should be stayed because Defendant's motion to dismiss, if granted, would dispose of the entire case. (#27 at 5).

---

[1] Parenthetical citations refer to the court's docket.

1

1  On June 30, 2014, the Honorable District Judge Andrew P. Gordon, granted Defendant's motion to dismiss, giving Plaintiffs thirty days to amend the complaint. (*See* #28 at 5). In the same order, Judge Gordon also denied Plaintiffs' motion for circulation of notice (#11) as moot. Because there is no longer a live complaint pending before the court, a discovery stay is unwarranted at this time.

Article II, Section 2 of the United States Constitution explains that the "exercise of judicial power depends on the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306, n. 3 (1964)). Mootness occurs when there is no longer a case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is moot." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). Here, discovery cannot be stayed because the case has been dismissed and discovery will not be conducted until after Plaintiffs have submitted a valid complaint.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's motion for stay of discovery pending adjudication of a dispositive motion (#25) is DENIED as moot.

IT IS SO ORDERED.

DATED this 1st day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE