**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RAYMOND SULLIVAN AND JULIA CAUSEY, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RIVIERA HOLDINGS CORPORATION d/b/a/ RIVIERA HOTEL AND CASINO and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00165-APG-VCF<br><br>**ORDER**<br><br>(Dkt. ##44, 45) |

Plaintiffs filed motions to clarify (Dkt. #44) and to reconsider (Dkt. #45) my order granting defendant Riviera's motion to dismiss plaintiffs' First Claim for Relief for "all hours worked" pursuant to the federal Fair Labor Standards Act ("FLSA"). I deny plaintiff's motion for reconsideration and grant Plaintiff's motion for clarification to the extent discussed below.

**I.    BACKGROUND**

The factual and procedural background of this case has been recited on multiple occasions, and there is no need to reiterate the facts except as necessary to rule on the pending motions.

On September 8, 2014, I granted Riviera's motion to dismiss plaintiffs' amended complaint as to the First, Third, Fourth, Fifth, Sixth, and Eighth causes of action, leaving intact the Second and Seventh causes of action—overtime claims pursuant to the FLSA. Plaintiffs seek reconsideration and clarification.

**II.    LEGAL STANDARD**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

(3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir.2000).

A motion for reconsideration must set forth some valid reason why the court should revisit its prior order, and facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). It is not appropriate for a party to raise a new argument on a motion for reconsideration. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). Motions for reconsideration are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977).

### III. DISCUSSION

#### A. Motion for Clarification (Dkt. #44)

Plaintiffs seek clarification with "regard to the validity of Plaintiff[']s and/or putative class members FLSA claims for overtime when they have in fact worked over forty hours in a workweek." (Dkt. #54 at 4:1-3.) To the extent that plaintiffs need clarification with respect to their overtime claims, I direct them to docket entry 43, wherein their Second and Seventh causes of action are still pending.

#### B. Motion for Reconsideration (Dkt. #45)

Although their motion is not a model of clarity, plaintiffs seem to assert that based on Nevada's minimum wage statutes, I should not have dismissed their minimum wage claims pursuant to 29 U.S.C. § 206.[1]  Plaintiffs provide no support for their assertions that the interpretation of the FLSA's "workweek" analysis is somehow governed by state law. Without more, I find that the interpretation of state law minimum wage statutes is irrelevant to plaintiffs'

---

[1] Despite requesting reconsideration on my ruling for minimum wage violations under the FLSA, plaintiffs concede in reply to their corresponding motion for clarification that they "are not requesting that his Court reconsider its ruling on whether employees have an[sic] claim for FLSA minimum wage violations; Plaintiffs have acknowledged and understand that the Court has dismissed Plaintiffs' straight item claims when Plaintiffs and/or putative class members do not work hours over 40 in a workweek." (Dkt. #54 at 3-4.) It has not escaped my attention that this concession is in complete contradiction to plaintiffs' position asserted in docket number 45.

2

FLSA minimum wage claims. Further, I previously dismissed plaintiffs' state law minimum wage claims.[2] (*See* Dkt. #43.)

Moreover, plaintiffs never argued the applicability of state law in their opposition to the motion to dismiss. (*See* Dkt. #36.) They cannot now use a motion for reconsideration "to raise arguments or present evidence for the first time when they would reasonably have been raised earlier in the litigation." *See Kona*, 229 F.3d at 890. Thus, I deny plaintiffs' motion for reconsideration.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' motion for clarification (Dkt. #44) is GRANTED to the extent described above. Plaintiffs' motion for reconsideration (Dkt. #45) is DENIED.

DATED THIS 29th day of May, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] In any event, the Ninth Circuit has previously held that the Nevada Supreme Court would presumptively "interpret Nevada law to follow federal law on this issue." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 900 (9th Cir. 2013) cert. denied, 134 S. Ct. 2819, 189 L. Ed. 2d 785 (2014).